Judge Owsley
delivered the opinion of the Court;
Hardin brought two actions at law against Barbour, and recovered judgment in each case. Barbour then filed his bill in equity against Hardin, in which he prayed for and obtained an order for an injunction against the judgments at law, upon his entering into bond with Lavaill his surety, conditioned according to law.
A bond was accordingly executed before the clerk by Barbour, with Lavaill his surety, conditioned “well and truly to pay all money and costs due, or to become due, to Hardin in the action at law, and all such costs and damages, as shall be recovered against, *396 said Barbour, in case the injunction shall be dissolved."
Jiiimiction cause the creditor agreed to re-notes for the judgment.*
Declaration on the in-iond101*
?lea,
Statute does not require bond’tcTse-011 ourethedam-ages, but the er^is vafiT" mid thé dám-ages recov-erablo omt.
The bill of Barbour was answered by Hardin, and on hearing, it was dismissed, and the injunction dissolved with damages and cost, and upon the condition of Hardin entering upon the record his willingness to receive notes of the bank of the Commonwealth in satisfaction of his executions, it was ordered by the court, that he should ha.ve executions for his judgments, and the clerk was directed to make endorsements upon them accordingly.
After this, Hardin brought an action at law, against Tumour and Eavaill upon the injunction bond, and in his declaration, assigned breaches, as well in the failure of Barbour to pay the sums due on the judgments at law, as in his failure to pay the damages adjudged against him on the dissolution of the injunction, and the cost of the suit in equity, &e.
A plea was filed by Barbour and Lavaill, the object of which is to question the validity of the injunction bond, or so much thereof as imposes an obligation upon them, to pay damages awarded on the dissolution of the injunction. The plea was demurred to by Hardin, and the demurrer was sustained by the court.
V/e perceive no error in the decision upon the demurrer. In stipulating for the payment of damages in case the injunction should be dissolved, the concWion °- tb>e bond, doubtless, departed from the literal import of the order directingan injunction to issue upon bond being executed and conditioned accordmg tó law; but it has heretofore been decide!^ that a departure from the condition required by the order, directing an injunction, will not, per se, destroy the validity of the bond, and that it may, notwithstanding such departure, be treated as a valid bond at common law, and recovery had thereon accordingly. The case of Stephenson vs. Miller, % Littell’s reports, 312, is decisive on this point. That case not only decides such a bond to be in *397 part good, but it maintains the validity of the entire bond, unless other circumstances than that of a mere departure from the order granting the injunction, are shown to exist.
When, pond-ing a bill of injunction, defendant agrees to accept bank notes for his judgment, and the injunction is therefore dissolved, the measure of recovery on the injunction bond is the specie value of the bank notes. Recovery cannot be had in kind under the statute. '
Act authorizing the. recovery of bank notes in kind, not retrospective.
Other points were made by the counsel of Barbour, &c. in argument, but they will be found to have been taken upon a misconception of the facts contained in the record. The case was submitted to the determination of the court, both as to the facts and law, and there was no exceptions to the decision of the court, so as to bring upon the record all the evidence. We are therefore unable to say, that in fixing on the amount adjudged against Barbour and Lavaill, an error was committed by the court to their prejudice.
The judgment cnnot therefore be reversed on Barbour’s and Lavaill’s appeal.
With respect to the appeal of Hardin, there is as little cause on his part to complain of the decision of the court.
He appears correctly to have treated the decree in the chancery suit, as having reduced his claim against Barbour to a Commonwealth’s bank paper deoiand, and he complains of the decision of the court in this cause, because he was not suffered to recover tlie nominal amount in bank paper, after he had endorsed on his declaration his willingness to accept the paper in satisfaction of his demand. But it should be recollected that the judgments which were enjoined j were not rendered for Commonwealth’s bank.paper, and of course the bond, upon which his action is founded, being conditioned for the payment of those judgments cannot, within the meaning of the act of the Legislature upon that subject, be a bond stipulating for the payment of bank paper, so as to .authorize a recovery of paper under the act, even had the bond been executed since the passage of the act which authorizes such recovery.
But the bond bears date prior to the passage of the act, and it is settled that bank paper is not recoverable in a suit upon a contract made before its passage.
*398 Chief Justice Bibb did not sit in this cause.
Denny, for Barbour, &e; Semple and Mayes, for* Hardin.
Thé judgment must be affirmed with damages a-* gainst Barbour and Lavaill. The appellee in each case must recover cost against the other party.